IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK KELLEY,

    Plaintiff,                   CV F 07 0082AWI WMW P

    vs.                             ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

MS. FERGUSON,

    Defendant.

    Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, formerly in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against Defendant Ferguson, a nurse employed by the Department of Corrections at Tehachapi.

    Plaintiff's sole claim in this complaint is that Defendant subjected him to verbal sexual harassment. The Ninth Circuit has held that sexual harassment can constitute an Eighth Amendment violation, but not in a case without physical contact. <u>Bowie v. California Dept. of Corrections</u>, 99 F.3d 1145 (9th Cir. 1991), citing <u>Jordan v. Gardner</u>, 986 F.2d 1521 (9th Cir. 1993); <u>Hernandez v. Denton</u>, 861 F.2d 1421 (9th Cir.), cert. denied, 112 S.Ct. 75 (1991).

    Here, Plaintiff alleges that Ferguson made a suggestive comment to Plaintiff while

Plaintiff was receiving his medication.  This initial comment was directed to Plaintiff.  Ferguson then made a sexually suggestive comment to Plaintiff while she was with her correctional officer escort.  There are no allegations that Ferguson made any physical contact with Plaintiff.  The complaint therefore fails to state a claim for relief, and must be dismissed.  The Court will, however, grant Plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**  **June 27, 2007**                            /s/  **William M. Wunderlich**
                                                                UNITED STATES MAGISTRATE JUDGE

3